IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMCHAN JAGROO, | § | |
| TDCJ-CID NO. 1245495, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-09-1300 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Ramchan Jagroo, proceeding _pro se_, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his convictions of intoxication assault with a deadly weapon and intoxication manslaughter with a deadly weapon (Docket Entry No. 1).  Also before the court is Respondent's Motion for Summary Judgment With Brief in Support (Docket Entry No. 10).[1]  For the reasons stated below, the court will grant respondent's motion for summary judgment and will dismiss Jagroo's habeas petition.

### I.  Procedural History and Claims

Petitioner, Ramchan Jagroo, was indicted for intoxication manslaughter with a deadly weapon and intoxication assault with a

---

[1]Jagroo did not file a response to respondent's motion for summary judgment.

deadly weapon by a grand jury in Harris County, Texas.  I C.R. 10.[2]
A prior felony conviction of driving while intoxicated enhanced the
charge.  I C.R. 24.  On April 19, 2004, Jagroo pleaded guilty to
both charges and pleaded true to the enhancement.  I C.R. 915.  The
state court imposed a sentence of life imprisonment for
intoxication manslaughter with a deadly weapon and twenty years'
imprisonment for intoxication assault with a deadly weapon.  I C.R.
943.  The Fourteenth Court of Appeals affirmed Jagroo's convictions
on November 23, 2005.  State v. Jagroo, No. 14-04-00640-CR,
No. 14-04-00641-CR (Tex. App. -- Houston [14th Dist.] Nov. 23,
2005, pet. ref'd) (mem. op., not designated for publication).
Jagroo filed petitions for discretionary review, which were refused
on May 3, 2006.  Jagroo v. State, No. 166-06 (Tex. Crim. App.
2006); Jagaroo v. State, No. 167-06 (Tex. Crim. App. 2006).  Almost
two years later, on March 5, 2008, Jagroo filed state habeas
petitions challenging both convictions, claiming ineffective
assistance of counsel and prosecutorial misconduct.  Ex parte
Jagroo, WR-71-066-01 (Tex. Crim. App. Nov. 13, 2008); Ex parte
Jagroo, WR-71-066-02 (Tex. Crim. App. Nov. 13 2008).  Both
petitions were denied on January 22, 2009.  Id.

---

[2]I C.R. refers to the state clerk's record, volume one.
Jagroo's charges are set forth in trial court cause numbers
961565 & 961564.  The clerk's record citations are correct for
the clerk's record of both cause numbers unless otherwise
identified.

Jagroo filed this federal habeas petition on April 20, 2009 (Docket Entry No. 1).[3]   In his petition Jagroo asserts the following grounds for habeas relief:

(1)   His guilty plea was unlawfully induced and involuntary;

(2)   ineffective assistance of counsel;

(3)   the prosecution failed to inform the defendant of evidence favorable to him;

(4)   state witnesses committed perjury in their testimony; and

(5)   actual innocence.

(Docket Entry No. 1)   Respondent argues that the merit of these claims need not be addressed because petitioner's claims are time-barred by the statute of limitations (Docket Entry No. 10 at 5).

## II.  <u>Standards of Review</u>

### A.  Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended the federal habeas statutes.   <u>See</u> 28 U.S.C. § 2253; <u>see generally Lindh v. Murphy</u>, 117 S. Ct. 2059, 2061 (1997).   Because Jagroo's habeas petition was filed after the

---

[3]Under the "prisoner's mailbox rule" a habeas petition is considered filed when the <u>pro se</u> prisoner correctly follows procedure and delivers the petition to the prison officials to be mailed.   <u>Starns v. Andrews</u>, 524 F.3d 612, 616 n.1 (5th Cir. 2008).   Because Jagroo declared that he delivered the petition to the prison officials on April 20, 2009, the petition was effectively filed on that date.

AEDPA's effective date of April 24, 1996, his petition is subject to the amended statutes.  See Lindh, 117 S. Ct. at 2061.

**B.    Summary Judgment in Habeas Proceedings**

The Federal Rules of Civil Procedure, including Rule 56(c) governing summary judgment, apply to habeas cases as long as they are not inconsistent with the AEDPA.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000); Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004)).  Courts should grant summary judgment "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2006).  Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  A material fact is considered a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.  In a summary judgment motion the movant bears the burden of proving the absence of any genuine issues of material fact. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  After the movant has met this burden, the non-movant must provide specific facts to prove that a genuine issue of material fact does exist to survive summary judgment. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).

-4-

### III.  <u>Statute of Limitations</u>

The AEDPA establishes a statute of limitations for filing federal habeas petitions:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Unites States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (2006). Respondent argues that Jagroo's petition is time-barred based on subsection (d)(1)(A).

### A.   Statutory Tolling

Jagroo has not asserted any basis for statutory tolling.  No facts exist to show that a state action in violation of the Constitution or United States laws has impeded his ability to file, that his claims are based on any new constitutional right

established by the Supreme Court, or that any new factual predicate has been discovered.[4]   Therefore, Jagroo is not entitled to statutory tolling; and his judgment became final based on the expiration of time for seeking direct review.   28 U.S.C.A. § (d)(1)(A).

## B.   Equitable Tolling

Equitable tolling is available "only when strict application of the statute of limitations would be inequitable."   <u>Fierro v. Cockrell</u>, 294 F.3d 674, 682 (5th Cir. 2002) (quoting <u>Davis v. Johnson</u>, 158 F.3d 806, 810-11 (5th Cir. 1998)).   To establish a right to equitable tolling a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   <u>Lawrence v. Florida</u>, 127 S. Ct. 1001, 1085 (2007).

Jagroo does not assert any basis for equitable tolling. Moreover, even under a lenient construction of his arguments, Jagroo has not shown that he has diligently pursued his rights or that any extraordinary circumstances precluded his ability to file a timely habeas petition.   Jagroo is not entitled to equitable tolling.

---

[4]Jagroo states that "newly discovered" evidence exists (Docket Entry No. 1).   However, Jagroo provides no proof that he could not have discovered this evidence with due diligence within the year after his judgment was final.   Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay."   <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (1998).

**C.   Application of Section 2244(d)(1)(A) to Jagroo's Petition**

Because Jagroo is not entitled to either statutory or equitable tolling, the limitation period for which Jagroo had to file his habeas petition began on the date his judgment became final pursuant to 28 U.S.C.A. § 2244(d)(1)(A).  The Texas Court of Criminal Appeals denied Jagroo's Petition for Discretionary Review on May 3, 2006.  Jagaroo v. State, No. 166-06 (Tex. Crim. App. 2006); Jagaroo v. State, No. 167-06 (Tex. Crim. App. 2006). Following denial of discretionary review, Jagroo had ninety days to file for a petition for a writ of certiorari with the United States Supreme Court.  See SUP. CT. R. 13.1 (2007); 28 U.S.C.A. § 2101(d) (2006).  Because Jagroo did not file a petition for a writ of certiorari, the limitations began to run on August 1, 2006.  Under 28 U.S.C. § 2244(d)(2) a properly filed state habeas petition tolls the limitation period.  However, because Jagroo filed his state habeas petition on March 5, 2008, after the one-year federal limitations period had expired, his state applications do not toll limitations.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).  Jagroo filed this federal petition for a writ of habeas corpus on April 20, 2009, almost two years after the expiration of his limitations period (Docket Entry No. 1).

Therefore, Jagroo has not met the statute of limitations for filing his federal habeas petition under 28 U.S.C. § 2244(d)(1)(A), and respondent's motion for summary judgment will be granted.

-7-

## IV.  **Certificate of Appealability**

Although Jagroo has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA <u>sua sponte</u>. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  A COA is granted only when the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To satisfy this standard it must be shown that jurists of reason could debate whether the petition "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1603-04 (2000). When, as is done here, the denial of relief is based on a procedural ground, the petitioner must also prove that the "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id.</u>  Because Jagroo has not presented evidence to meet the burden of showing his habeas petition should not be barred by limitations, jurists of reason could not debate this court's ruling to dismiss his petition.

## V.  **Conclusion and Order**

The court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10) is **GRANTED**.

-8-

2.   Jagroo's Petition for a Writ of Habeas Corpus by a
     Person in State Custody (Docket Entry No. 1) is
     **DISMISSED WITH PREJUDICE.**

3.   A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of August, 2009.

_____
          SIM LAKE
UNITED STATES DISTRICT JUDGE